UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN CARNEY,

                              Plaintiff,

                                                  Case # 15-CV-1060-FPG

v.

                                                  DECISION AND ORDER

JEFF SWANSON et al.,

                              Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff John Carney ("Plaintiff") brings this action against Jeff Swanson, in his official capacity as Town of Busti Code Enforcement Officer, Jesse Robbins, in his official capacity as Town of Busti Supervisor, Kenneth J. Lawton, James Andrews, Todd M. Hanson, and Brett A. Muchech, in their official capacities as Town of Busti Councilmen, and Kevin P. Okerlund, in his official capacity as Town of Busti Assessor (collectively the "Defendants"). ECF No. 1. Plaintiff asserts that his constitutional rights were violated when he was informed that he was operating an illegal saw mill and maintaining an improper building on his property in violation of local zoning ordinances. *Id.*

On March 9, 2016, Defendants moved to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. ECF No. 8. After he was granted several extensions of time, Plaintiff responded in opposition to Defendants' Motion on September 16, 2016. ECF No. 20. For the reasons that follow, Defendants' Motion to Dismiss is GRANTED and this action is DISMISSED WITHOUT PREJUDICE.

## BACKGROUND[1]

Plaintiff resides in Chautauqua, New York, in the Town of Busti (the "Town"), where the events at issue occurred. ECF No. 1, at 1. Plaintiff alleges that on September 28, 2015, Defendants sent him a letter "without benefit of NYS or US Constitutional Due Process" that informed him that "the use of his sawmill is prohibited." *Id.* at 2. Plaintiff claims that this letter denied him "the use of his property and interferes with his freedom to contract." *Id.* He also complains that Defendants did not "respond to [P]laintiff's reply dated October 15, 2015 asking for discovery of definitions and statutory authorization of zoning codes." *Id.*

Plaintiff also alleges that on October 14, 2015, Defendant Swanson, "with knowledge to co-defendants by return mail of [P]laintiff," informed Plaintiff by letter that he was "operating an illegal saw mill" and "had an illegal building on his property." *Id.* at 3.

Finally, Plaintiff alleges that on November 4, 2015, Defendants mailed two "Orders for Remedy" for Plaintiff to complete. *Id.* at 4. Plaintiff claims that these were "thinly veiled threats of fines and imprisonment" and he notes that he "was referred to the Town of Busti Clerk." *Id.*

Plaintiff asserts that these actions constituted "a denial of due process, a takings claim, a civil rights violation, a denial of the right of obligation to contract, infringement on a right, [and] obstruction of justice." *Id.* at 1.

## LEGAL STANDARD

In ruling on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, courts may rely on "evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). It is the plaintiff's burden to establish subject matter jurisdiction by a preponderance of the evidence. *See Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002); *see*

---

[1] The following allegations are taken from Plaintiff's Complaint (ECF No. 1) and are accepted as true for the purpose of evaluating Defendants' Motion to Dismiss.

*also Goonewardena v. New York*, 475 F. Supp. 2d 310, 321 (S.D.N.Y. 2007) ("[T]he burden of demonstrating that the court has subject matter jurisdiction over the case falls on the plaintiff as it is the plaintiff who seeks to invoke the court's jurisdiction.").

Because Plaintiff is proceeding *pro se*, his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (internal quotation marks omitted), and are interpreted "to raise the strongest arguments that they suggest," *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009).

## DISCUSSION

Defendants moved to dismiss all claims for failure to state a claim and for lack of subject matter jurisdiction. ECF No. 9. Specifically, Defendants argue that this Court lacks subject matter jurisdiction because Plaintiff's claims are not ripe for adjudication as he did not obtain a final decision from the Town zoning authorities before commencing this suit. ECF No. 9, at 11-15. Because subject matter jurisdiction is a constitutional prerequisite, this Court must first determine whether Plaintiff's claims meet the ripeness requirements. *See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) ("[T]he court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.") (citation omitted).

Ripeness of an alleged claim is a jurisdictional prerequisite. *See, e.g.*, *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005). The ripeness doctrine prevents a federal court from deciding cases where the injury is merely speculative. *See Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967). "As the Supreme Court has explained, the ripeness doctrine's 'basic rationale is to prevent the courts, through avoidance of premature adjudication,

from entangling themselves in abstract disagreements.'" *Murphy*, 402 F.3d at 347 (quoting *Abbott Labs.*, 387 U.S. at 148).

"The ripeness doctrine has particular import in land use cases." *Hunter v. Town of Chili, New York*, No. 09-CV-6285, 2010 WL 598679, at *2 (W.D.N.Y. Feb. 18, 2010) (citing *Murphy*, 402 F.3d at 347). The Supreme Court has held that a takings claim is ripe if the plaintiff received a "final decision" from the local zoning authorities. *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172 (1985); *see also Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (noting *Williamsom*'s ripeness requirement, although originating in the takings context, has been applied to due process and equal protection claims). Specifically, a plaintiff must request a variance from the local zoning authorities before a determination becomes final. *Id.* at 186-89. The Second Circuit has held that "[u]nless a court has a final decision before it, it cannot determine whether a claimant was deprived of property and whether the government conduct was arbitrary or capricious." *Southview Assocs. Ltd. v. Bongartz*, 980 F.2d 84, 97 (2d Cir. 1992) (applying ripeness analysis to due process claims).

Four policy rationales support the finality requirement. First, obtaining a final decision aids the development of a full record. *Murphy*, 402 F.3d at 348. Second, "only if a property owner has exhausted the variance process will a court know precisely how a regulation will be applied to a particular parcel." *Id.* Third, a variance may provide the plaintiff relief by avoiding judicial adjudication of constitutional claims, furthering "the long-standing principle that disputes should be decided on non-constitutional grounds whenever possible." *Id.* Finally, "[r]equiring a property owner to obtain a final, definitive position from zoning authorities

evinces the judiciary's appreciation that land use disputes are uniquely matters of local concern more aptly suited for local resolution." *Id.*

Here, Plaintiff's Complaint fails to allege that he appealed Defendants' initial allegation that he violated the Town Building and Zoning Codes by operating an illegal saw mill and maintaining an improper structure on his property. Plaintiff also does not allege that he requested a variance to operate his saw mill or that he applied for a building permit for the structure. Moreover, Defendants' submissions further demonstrate that Plaintiff has not appealed these issues and that the Town's Zoning Board of Appeals ("ZBA") has not taken any action. ECF No. 8-2, at 4-5. Until Plaintiff appeals these issues, there is no "final decision" that gives this Court jurisdiction to adjudicate his claims. *See Hunter*, 2010 WL 598679, at *2 (granting motion to dismiss for lack of subject matter jurisdiction because the plaintiff's complaint failed to allege that he appealed the defendants' initial decision denying his request for a permit pursuant to town regulations).

The rigidness of the finality requirement may be relaxed if pursuing an appeal or requesting a variance would be futile. *Williamson*, 473 U.S. at 349. "[A] property owner need not pursue such applications when a zoning agency lacks discretion to grant variances or has dug in its heels and made clear that all such applications will be denied." *Id.* Here, the ZBA is authorized to "grant use variances authorizing a use of the land which otherwise would not be allowed or would be prohibited[.]" Code of Town of Busti, New York § 405-84(B)(1)(a). Moreover, nothing in the Complaint suggests that the ZBA has "dug in its heels" or has otherwise prevented Plaintiff from appealing these decisions. Thus, Plaintiff's claims are not ripe for judicial review until he obtains a final decision from the ZBA.

## CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss (ECF No. 8) is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to terminate this action.

IT IS SO ORDERED.

Dated: December 28, 2016
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court